IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRANDON C. MARTIN                                                                                            PLAINTIFF

      v.                               Civil No. 1:15-cv-01050

DEIDRICK CALBERT; SERGEANT
DON HOLLINGSWORTH, Criminal
Investigation Unit, Warren Police Department;
OFFICER PHILLIP EVERETT, Warren
Police Department                                                                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Brandon Martin, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2015), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for a determination of whether service of process should issue. For the reasons stated below, it is my recommendation that the Complaint be dismissed.

### Background

According to the allegations of the Complaint (ECF No. 2), on June 27, 2013, in the early morning hours Plaintiff received a phone call from Shereta Cross. Cross indicated she was afraid of Deidrick Calbert. Plaintiff alleges he went to Cross' apartment to comfort Cross. At about 9:00 a.m., Plaintiff noticed he had received phone calls from a number he did not recognize. Plaintiff phoned the number and Calbert answered. Calbert threatened to shoot the Plaintiff the next time he saw him.

About an hour later, when Plaintiff was at his LaKeisha McCoy's house, his cousin. Calbert came out of the house across the street. Calbert attempted to get the Plaintiff to cross the street or

at least come out into the street. Plaintiff alleges he refused. Calbert then crossed the street and came onto McCoy's property.

Calbert removed a gun from his pocket and placed it on the hood of a truck. Plaintiff ran to retrieve the gun and was able to get it before Calbert. Calbert ran toward him and Plaintiff, who alleges he was scared, aimed the gun, closed his eyes, and pulled the trigger striking Calbert in the leg. Plaintiff states he panicked and fled the scene in his automobile taking the gun with him.

Plaintiff was later arrested and charged as a result of this incident. When he received the incident report, Plaintiff alleges that neither Officer Phillip Everett nor Sergeant Don Hollingsworth said that the shooting occurred "in the front yard of 1025 Lambert Street, which is private property belonging to [his] cousin." Plaintiff also alleges that he was not read his rights, or asked his side of the story. He also alleges that Sergeant Hollingsworth only made a copy of the texts Plaintiff sent to Calbert but not of the texts that had been sent to the Plaintiff. Further, Plaintiff asserts that Calbert was never charged with a crime despite the fact that "he had a gun and intended to cause physical harm to [the Plaintiff]."

**Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint filed *in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Here, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. First, a § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. While there are limited

circumstances in which a private party may be considered to be a state actor, Plaintiff has not alleged the Defendants conspired with the State and its agents or that these Defendants willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Defendant Calbert cannot be sued under § 1983 because he is a private citizen, who did not act under color of state law.

Second, to the extent Plaintiff' claims are based on the refusal of Sergeant Hollingsworth or Officer Everett tor to bring criminal charges against Calbert, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Third, Plaintiff's claim based on the alleged failure to give *Miranda*[1] warnings fails as a matter of law. The constitution does not require the giving of *Miranda* warnings. *See e.g., Chavez v. Martinez*, 538 U.S. 760 (2003). If statements obtained during custodial interrogation are not used against the party, there is no constitutional violation. *Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir. 1987). "Moreover, violations of Miranda rights do not subject police officers to liability under § 1983." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1165 (10th Cir. 2003); *see also Renda v. King*, 347 F.3d 550, 552 (3rd Cir. 2003)(Plaintiff may not base a § 1983 claim on the mere fact that she was subjected to custodial interrogation without having been provided her *Miranda warnings*); *Cooper v. Dupnik*, 963 F.2d 1220, 1243-44 (9th Cir. 1992)(A technical *Miranda* violation will not support a cause of action under § 1983).

With respect to his claim that he was not questioned so he could tell his side of the story, the Plaintiff's claim fails. First, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Plaintiff was arrested, charges were brought against him, and he was convicted and sentenced to a term of imprisonment. I conclude Plaintiff has stated no claim that his rights under the Due Process Clause have been violated.

Plaintiff contends the incident report was not complete because it did not state that the shooting occurred on private property. Further, Plaintiff alleges that Sergeant Hollingsworth deleted the text messages Plaintiff received from Calbert and saved only Plaintiff's responses for use as evidence. Plaintiff appears to believe this omitted information would have been exculpatory. Section 1983 is not meant to be a substitute for an appeal. *See e.g., Vorbeck v. Whaley*, 478 F. Supp. 1117, 1119 (E.D. Mo. 1979).

Furthermore, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff's conviction has not be set aside or otherwise held to be invalid. *See e.g., Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 165 (D. Conn. 2005)(applying *Heck* to bar a due process claim against a police officer who included false statements and false information in his report).

**Conclusion**

Accordingly, I recommend that the complaint be dismissed as the claims asserted are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2015.

                                                       /s/ Barry A. Bryant  
                                                     HON. BARRY A. BRYANT  
                                                     UNITED STATES MAGISTRATE JUDGE